Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

### for the

### District of Wyoming

_____Civil_____ Division

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 JAN 22 PH 12: 25

MARGARET BOTKINS, CLERK
CHEYENNE

| | |
|---|---|
| **Nadler Richard** | Case No. _____26-cv-28-ABJ_____ |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

**-v-**

**GOOSEWING RANCH, INC. and AMY WORSTER**

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nadler Richard |
| Address | 8910 North Miami Avenue |

| | | |
|---|---|---|
| Miami | FL | 33150 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Miami Dade County |
| Telephone Number | 786-658-2684 |
| E-Mail Address | Reachme122k19@gmail.com |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Goosewing Ranch, Inc. |
| Job or Title *(if known)* | Employer / Ranch Operator |
| Address | 24400 Cottonwood Creek Road |

| | | |
|---|---|---|
| Kelly | WY | 83011 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Teton County |
| Telephone Number | (307) 733-5251 |
| E-Mail Address *(if known)* | info@goosewingranch.com |

☐ Individual capacity      ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity      ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

Name _____

Job or Title *(if known)* _____

Address _____

| City | State | Zip Code |
|------|-------|----------|

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Address _____

| City | State | Zip Code |
|------|-------|----------|

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Not applicable. Plaintiff is not asserting claims under 42 U.S.C. § 1983 and does not allege deprivation of constitutional or statutory rights by state or local officials. Plaintiff's claims arise under federal employment law, including Title VII of the Civil Rights Act of 1964.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Not applicable. Plaintiff is not asserting a Bivens claim and does not allege violations of constitutional rights by federal officials.

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Not applicable. Defendant Goosewing Ranch, Inc. is a private employer. This action is brought under Title VII of the Civil Rights Act of 1964 and related federal employment protections.

Although Defendants utilized state administrative processes through the Wyoming Department of Workforce Services and submitted fraudulent documentation, Plaintiff does not assert a claim under 42 U.S.C. § 1983. These facts are alleged solely as evidence of Defendants' malice, intent, and the pretextual nature of Plaintiff's termination.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Goosewing Ranch, Wyoming, and surrounding areas within the District of Wyoming.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The events giving rise to Plaintiff's claims occurred between approximately May 16, 2024 and June 22, 2024, with the most significant events occurring on June 22, 2024, beginning in the afternoon and culminating in Plaintiff's termination and abandonment at approximately 7:00–7:45 p.m.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff was employed by Defendant Goosewing Ranch, Inc. and performed his job satisfactorily without prior discipline. During his employment, Plaintiff repeatedly raised concerns regarding unsafe working conditions, including being required to operate an unsafe vehicle and being subjected to excessive working hours that caused health concerns.

After Plaintiff reported these safety issues to management on June 22, 2024, Defendant immediately terminated Plaintiff. Plaintiff was escorted off the ranch by management, threatened with being abandoned in the woods, and ultimately left on the side of a remote road without transportation, shelter, or assistance. Plaintiff required police assistance and did not reach safety for approximately forty-eight (48) hours.

Following Plaintiff's termination, Defendant fabricated allegations to justify the discharge and submitted false and fraudulent documentation to the Wyoming Department of Workforce Services. After a formal investigation (Case No. WFEP #68-2024), the agency determined that Defendant had submitted fraudulent information.

Defendant's actions caused Plaintiff economic loss, emotional distress, and reputational harm and were taken in retaliation for Plaintiff's protected activity.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff suffered economic injury including loss of wages, loss of employment benefits, and loss of future earning capacity. Plaintiff also suffered significant emotional distress, mental anguish, anxiety, humiliation, and reputational harm as a result of Defendant's retaliatory conduct.

Plaintiff was placed at risk of physical harm when he was terminated and abandoned on the side of a remote road without transportation, shelter, or assistance, requiring police involvement and resulting in approximately forty-eight (48) hours before Plaintiff was able to reach safety.

Plaintiff experienced physical stress and health concerns related to excessive work hours and unsafe working conditions. Plaintiff did not receive employer-provided medical treatment and relied on self-care and rest following these events.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff requests that the Court award back pay and lost employment benefits, front pay or future lost earnings, and compensatory damages for emotional distress and reputational harm. Plaintiff further seeks punitive damages in the amount of $500,000.00, based on Defendant's willful, malicious, and fraudulent conduct, including retaliatory termination and submission of false information to a state agency.

Plaintiff also seeks costs of this action and such other relief as the Court deems just and proper.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        January 19, 2026

Signature of Plaintiff

Printed Name of Plaintiff    Nadler Richard

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number
E-mail Address

Print        Save As...        Add Attachment        Reset

**Attachment A – Detailed Title VII Complaint**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

**RICHARD NADLER,**
Plaintiff, Pro Se,

v.

**GOOSEWING RANCH, INC.,**
Defendant.

Case No.: _____
(Jury Trial Demanded)

**COMPLAINT FOR RETALIATION AND DISCRIMINATION**
(Title VII of the Civil Rights Act of 1964)

## I. NATURE OF THE ACTION

1. This is an action for unlawful retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964.

2. Plaintiff was terminated immediately after engaging in protected activity, including reporting unsafe working conditions and opposing unlawful employment practices.

3. Defendant attempted to conceal its retaliatory motive by fabricating allegations of misconduct and later submitted fraudulent information to a state agency.

4. Plaintiff seeks compensatory and punitive damages for Defendant's willful, malicious, and retaliatory conduct.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title VII of the Civil Rights Act of 1964.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 32K-2024-00082).

7. Plaintiff received a Notice of Right to Sue on or about December 9, 2025, and this action is filed within ninety (90) days of receipt.

8. Venue is proper in this District because Defendant operates in Wyoming and the events giving rise to the claims occurred within this District.

## III. PARTIES

9. Plaintiff Richard Nadler is an individual who resides in Miami, Florida.

10. Defendant Goosewing Ranch, Inc. is a Wyoming corporation and an employer subject to Title VII.

11. Defendant's registered agent is JH Corporate Services, Inc., 60 E. Simpson Ave., Jackson, Wyoming 83001.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant from May 16, 2024 until his termination on June 22, 2024.

13. Plaintiff performed his job satisfactorily and was not disciplined prior to engaging in protected activity.

14. On or about June 22, 2024, Plaintiff reported unsafe working conditions and opposed unlawful employment practices through verbal and written communications to management.

15. Immediately following this protected activity, Defendant, including managerial employees David Park and Amy Worster, initiated retaliatory actions against Plaintiff.

16. Defendant asserted allegations of sexual harassment against Plaintiff that were false and unsupported, and which Defendant knew or should have known were untrue, in order to create a pretext for termination.

17. During the termination process, Amy Worster threatened to "throw Plaintiff out in the woods."

18. After terminating Plaintiff, Defendant abandoned him on a remote roadside without transportation or assistance.

19. Plaintiff required police involvement and did not reach safety for approximately forty-eight (48) hours.

20. Following Plaintiff's termination, Defendant submitted documentation to the Wyoming Department of Workforce Services containing false and misleading information regarding the circumstances of Plaintiff's separation.

21. In Case No. WFEP #68-2024, the Wyoming Department of Workforce Services issued a formal determination finding that Defendant submitted fraudulent information.

22. Defendant's conduct caused Plaintiff economic loss, emotional distress, and reputational harm.

## V. CLAIMS FOR RELIEF

### Count I – Retaliation (Title VII)

23. Plaintiff engaged in protected activity by reporting unsafe working conditions and opposing unlawful employment practices.

24. Defendant took adverse employment action against Plaintiff, including termination.

25. Defendant's adverse actions were causally connected to Plaintiff's protected activity.

26. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

### Count II – Discrimination (Title VII)

27. Defendant discriminated against Plaintiff in the terms and conditions of employment.

28. Defendant relied on false and fabricated allegations to justify Plaintiff's termination.

29. Defendant acted with discriminatory and retaliatory animus in violation of Title VII.

## VI. DAMAGES

30. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages and employment benefits; future loss of earnings; emotional distress and mental anguish; reputational harm; and other economic and non-economic losses.

31. Defendant's conduct was willful, malicious, reckless, and fraudulent, justifying an award of punitive damages.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and award back pay and lost benefits; front pay or future lost earnings; compensatory damages for emotional distress and reputational harm; punitive damages in an amount not less than $500,000.00; costs of this action; and such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: ___1/19/26___

_____

**Richard Nadler**
Plaintiff, Pro Se
8910 North Miami Avenue
Miami, FL 33150
786-658-2684
Reachme122k19@gmail.com



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0041
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)
Issued On: 12/09/2025

To:     Mr. Nadler Richard
        8910 N Miami Ave
        El Portal, FL 33150

Mr. Richard Nadler v Goosewing Ranch
EEOC Charge No: 32K-2024-00082
EEOC Representative and email:    Robin Campbell

        State, Local & Tribal Program Manager
        robin.campbell@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On Behalf of the Commission:

Melinda Caraballo
District Director

cc:
David Park
Goosewing Ranch
P. O. Box 12649
Jackson, WY 83002

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION
For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm. In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE

To request a copy of your charge file, contact the Fair Employment Practices Agency that investigated your charge.



NADLER RICHARD
(786) 658-2684
THE UPS STORE #8200
9416 NE 2ND AVE
MIAMI SHORES  FL 33138-2703

0.2 LBS LTR
SHP WT: LTR
DATE: 20 JAN 2026

SHIP UNITED STATES DISTRICT COURT
TO: STE 2131
2120 CAPITOL AVE

CHEYENNE  WY 82001-3658

WY 820 0-01

UPS 2ND DAY AIR                    2
TRACKING #: 1Z 0H9 44A 02 0624 7095

BILLING: P/P

MMH4JA3EVYZEA ISH 13.00C ZZD230 EP 60.5V 12/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

DISTRICT COURT
2120 CAPITOL AVE
STE 2131
CHEYENNE WY 82001

P:NORTH    S: NORTH    I:
COCO — 2081         X
1Z0H944A020624    7095
XCJ1PDZ         WYCHE253UDC JAN 22 06:41:27 2026
US  8200    HIP 25.9.1    ZT411R

The UPS Store®

Bubble Mailer